UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH STEWART, ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-2371 |
| HOFS, LLC, ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is plaintiffs Keith and Linda Stewart's motion for partial summary judgment.[1] Defendants HOFS, LLC ("HOFS"),[2] Travelers Property Casualty Company of America ("Travelers"), and the Phoenix Insurance Company ("Phoenix") oppose this motion.[3] Because substantial discovery has not yet occurred, and defendants have identified discovery necessary to present their opposition, the Court denies the motion as premature.

### I.     BACKGROUND

This case arises out of the fatal shooting of Zakary Stewart by his coworker, Brian Taylor. Taylor currently faces criminal charges in

---

[1]     R. Doc. 24.
[2]     R. Doc. 31.
[3]     R. Doc. 32.

connection with the shooting and trial is set for August 12, 2024.[4] *See State of Louisiana v. Brian Taylor*, Dkt. No. 0713F202, 22nd Judicial District, Div. "G," Parish of St. Tammany, State of Louisiana. Plaintiffs, Stewart's surviving father and mother, filed this action in June 2023 in Louisiana state court seeking damages for their son's wrongful death under Louisiana Civil Code article 2315.1(A)(2) and article 2315.2(A)(2).[5] Defendants Travelers and Phoenix, HOFS' insurers, removed this action in July 2023.[6]

Plaintiffs allege that HOFS—the owner of the auto dealership in Slidell, Louisiana where Stewart and Taylor worked and where the shooting occurred—is vicariously liable under Louisiana law for the alleged intentional torts of Taylor against Stewart,[7] or, in the alternative, that HOFS was negligent in its hiring, training, supervision, management, discipline, and retention of Taylor, and failed to take reasonable steps to protect Stewart from Taylor's alleged violent tendencies.[8] Plaintiffs allege that Taylor shot Stewart within the course and scope of his employment because the shooting occurred on business premises during work hours, and had its origins in an earlier conflict between the two about how, after detailing a car sold by

---

4   *See* R. Doc. 31-5.
5   R. Doc. 1-1.
6   R. Doc. 1.
7   *Id.* ¶¶ 15-22.
8   *Id.* ¶¶ 23-26.

2

Stewart, Taylor did not "bring [the car] back around and give the keys" to Stewart, but instead "backed the vehicle up and went straight back to detail."[9] Plaintiffs also allege that over a series of weeks leading up to the shooting, multiple employees attempted to discuss the escalating conflict with dealership management, who did nothing.[10] Plaintiffs assert that the inaction of those in charge of the dealership fits within a broader pattern of an absentee employer and an overly permissive workplace, in which employees regularly drank alcohol and smoked marijuana on the premises during work hours.[11]

Plaintiffs now seek partial summary judgment declaring HOFS vicariously liable for Taylor's actions or that HOFS' negligence caused Stewart's wrongful death.[12] Defendants have filed a Federal Rule of Civil Procedure 56(d) declaration averring that they cannot present facts essential to justify their opposition because evidence regarding the shooting is currently being held by the State as a part of Taylor's criminal proceedings.[13]

---

[9] *See* R. Doc. 24-1 at 16 (citing R. Doc. 24-7 at 55:24-57:24).
[10] *See id.* ¶¶ 25, 34, 64, 65.
[11] *See id.* ¶¶ 16, 18-20, 23, 68, 69, 88, 115.
[12] R. Doc. 24.
[13] R. Doc. 31-5.

3

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment therefore "assumes some discovery." *Brown v. Mississippi Valley State Univ.*, 311 F. 3d 328, 333 (5th Cir. 2002); *see also F.D.I.C. v. Shrader & York*, 991 F. 2d 216, 220 (5th Cir. 1993) ("Summary judgment is appropriate if, *after discovery*, there is no genuine dispute over material fact") (emphasis added). Although the Court may "cut off discovery when the record shows that further discovery is not likely to produce the facts needed to withstand the motion for summary judgment," a party must be "given a full and fair opportunity to discover information essential to its opposition to summary judgment." *Brown*, 311 F. 3d at 333.

Under Rule 56(d), the Court may "defer considering the motion [for summary judgment] or deny it" if a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(1). Rule 56(d) discovery motions are "broadly favored and should be liberally granted," because the rule is designed to "safeguard non-moving parties from summary judgment

4

motions they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F. 3d 868, 871 (5th Cir. 2006). The proper "way of requesting additional time for discovery is for the nonmoving party to present an affidavit containing specific facts explaining [its] failure to respond to the adverse party's motion for summary judgment via counter affidavits establishing genuine issues of material fact for trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F. 2d 1257, 1266 (5th Cir. 1991); *see also Raby v. Livingston*, 600 F. 3d 552, 561 (5th Cir. 2010) ("[A] request to stay summary judgment under [Rule 56(d)] must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.").

## III. DISCUSSION

A Rule 56(d) denial of plaintiffs' motion for partial summary judgment is appropriate here.

Defendants have identified by declaration specific discovery they need and the relevance of what is sought. Specifically, defendants seek evidence now held by the State in the criminal proceeding, including text messages between Stewart and Taylor in the period leading up to the shooting and

surveillance footage of the shooting and the altercation that preceded it.[14] Defendants also state that they intend to depose other employees who had previously provided testimony only in the context of the workers' compensation proceedings, where the defense attorney asked no questions in the majority of depositions.[15]

Defendants have also demonstrated that this further discovery may influence the outcome of the pending summary judgment motion. Three weeks elapsed between the alleged argument about how Taylor returned a detailed car and the shooting.[16] Text messages between Stewart and Taylor leading up to the shooting may undermine plaintiffs' allegation that the conflict between Stewart and Taylor was primarily employment rooted. *See LeBrane v. Lewis*, 292 So. 2d 216, 216 (La. 1974) (holding that employers may be vicariously liable for the intentional torts of employees acting within the course and scope of employment). Parties have already testified that during those three weeks, Stewart and Taylor had multiple arguments "over race"[17] that involved "a lot of name-calling"[18] and included Stewart calling

---

14   *See* R. Doc. 31-5.
15   *See* R. Doc. 32 at 7-10.
16   See. R. Doc. 24-2 ¶¶ 50-51, 64, 111.
17   R. Doc. 24-7 at 58:18.
18   R. Doc. 24-6 at 42:13-14.

6

Taylor "racial slurs and threatening him to do this and that."[19] Defendants may also obtain relevant testimony from employee witnesses to rebut plaintiffs' allegations of vicarious liability and negligence.

And lastly, defendants have explained why this discovery could not have been obtained earlier. The District Attorney's Office for the 22nd Judicial District Court maintains sole possession of the text messages between Taylor and Stewart and other evidence to be used in the criminal proceedings and will not produce any of the discovery to any party in the civil litigation while the criminal case is still pending.[20] Defendants have therefore met their burden under Rule 56(d), and plaintiffs' motion for partial summary judgment is denied. *See* Fed. R. Civ. P 56(d)(1).

---

[19] R. Doc. 32-22 at 17:16-17.
[20] R. Doc. 31-5 ¶¶ 9, 11.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion for partial summary judgment is DENIED as premature.

New Orleans, Louisiana, this __22nd__ day of July, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE